UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **00-6102** CR - DIMITROULEAS

21 U.S.C. §952(a)
21 U.S.C. §841(a)(1)
18 U.S.C. §2

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA )
)
v. )
)
DONNA DORCE PEARSON, A/K/A )
ROSLYND DENISE YANCEY )
Defendant. )
_____)

INDICTMENT

The Grand Jury charges that:

COUNT I

On or about April 17, 2000, at Broward County, in the Southern District of Florida, the defendant,

**DONNA DORCE PEARSON, A/K/A ROSLYND DENISE YANCEY**

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2.



## COUNT II

On or about April 17, 2000, at Broward County, in the Southern District of Florida, the defendant,

**DONNA DORCE PEARSON,** A/K/A ROSLYND DENISE YANCEY

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## FORFEITURE

1. The allegations contained in Counts I and II of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. The defendant,

**DONNA DORCE PEARSON**, A/K/A ROSLYND DENISE YANCEY

upon conviction of violating Title 21, United States Code, Sections 952(a) or 841(a)(1), as alleged in Counts I and II above, shall forfeit to the United States any property constituting or derived from, any proceeds which the defendant,

**DONNA DORCE PEARSON**, A/K/A ROSLYND DENISE YANCEY

obtained, directly or indirectly, as the result of such violation; and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of such violation, all in accordance with Title 21, United States Code, Sections 853(a)(1) and (a)(2).

3. Such forfeitures shall include, but are not limited to two $1,000.00 money orders found in the defendant's possession at the time of her arrest.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred, or sold to, or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek

the forfeiture of any other property of defendant up to the value of the above-described forfeitable property.

All pursuant to Title 18, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| DONNA DORCE PEARSON | **Superseding Case Information**: |

**Court Division**: (Select One)

| | | New Defendant(s) | ___ Yes ___ No |
|---|---|---|---|
| ___ Miami | ___ Key West | Number of New Defendants | ___ |
| _X_ FTL | ___ WPB  ___ FTP | Total number of counts | ___ |

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No)    _No_____
    List language and/or dialect       _____

4.  This case will take    _2___ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                (Check only one)

    | | | | | | |
    |---|---|---|---|---|---|
    | I   | 0 to 5 days      | _X_ | Petty   | ___ |
    | II  | 6 to 10 days     | ___ | Minor   | ___ |
    | III | 11 to 20 days    | ___ | Misdem. | ___ |
    | IV  | 21 to 60 days    | ___ | Felony  | _X_ |
    | V   | 61 days and over | ___ |         |     |

6.  Has this case been previously filed in this District Court? (Yes or No)    _No_
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)    _Yes_____
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of    _4-17-00_____
    Defendant(s) in state custody as of      _____
    Rule 20 from the _____   District of _____

    Is this a potential death penalty case? (Yes or No) _____No_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

_____
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 908223

*Penalty Sheet(s) attached                                              REV.4/7/99

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant Name: __Donna Dorce Pearson__   Case No.: _____

===============================   ==========================================

Count #I: Importation of cocaine into the United States from a place outside thereof, in violation of 21:952(a)

**Max. Penalty:** 5 year mandatory minimum and 40 years' maximum imprisonment; $2,000,000 fine
=====================================================================
Count # II: Possession with intent to distribute cocaine, in violation of 21:841(a)(1)

**Max. Penalty:** 5 year mandatory minimum and 40 years' maximum imprisonment; $2,000,000 fine

Count #III: Criminal forfeiture; 21:853(a) and (b)

**Max. Penalty:** Forfeiture of any property constituting, or derived from, any proceeds obtained as the result of the violations of 21:952(a) & 841(a)(1), and any property used, or intended to be used, to commit, or to facilitate the commission of the violations of 21:952(a) & 841(a)(1)
=====================================================================
Count #:

**Max. Penalty:**
=====================================================================
Count #:

**Max. Penalty:**
=====================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.