UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



| UNITED STATES OF AMERICA, | ) CASE NO. 00-6102-CR-DIMITROULEAS |
|---|---|
| Plaintiff, | |
| vs. | ) |
| DONNA DORCE PEARSON, | ) |
| Defendant. | |

## POSITION ON SENTENCING WITH REQUEST FOR DOWNWARD DEPARTURE WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, Donna Dorce Pearson ("PEARSON"), by and through her undersigned counsel and pursuant to Rule 88.8 General Rules of U.S.D.C., Southern District of Florida, U.S.S.G. 6A1.2 (November 1, 1991), Rule 32, Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, hereby respectfully registers her objections to the Pre-Sentence Investigation Report (hereafter "PSI").

### INTRODUCTION

Undersigned counsel and PEARSON had an adequate opportunity to confer and thoroughly review the PSI in accordance with *United States vs. Aleman*, 832 F.2d.142, 144 note 6 (11th Cir. 1987).

Pursuant to Rule 32(c)(3)(D), Fed.R.Crim.P., the court is required, as to each factual matter controverted by the defendant, either to make a finding as to such allegation or determination that no such finding is necessary because the controverted matter will not be taken into account at sentencing.



TUCKER & KOTLER, P.A.  DOUGLAS CENTRE, SUITE 1108, 2600 DOUGLAS ROAD, CORAL GABLES, FLORIDA 33134-6125  TEL: (305) 461-3627  FAX: (305) 461-3628

Additionally, Rule 32 guarantees to the defendant the right ". . . to present any information in mitigation of the sentence.[1] Another provision of Rule 32 requires that " . . . the defendant and the defendant's counsel shall have an "opportunity to comment on the report . . . "[2]

## OBJECTION

The lack of a downward adjustment for mitigating role pursuant to U.S.S.G. 3B 1.2(b).

## PEARSON SHOULD RECEIVE A REDUCTION FOR ROLE IN THE OFFENSE

Paragraph 15 grants no adjustment for role in the offense. We object and believe that the facts support at least a two level reduction for role in the offense as a minor participant pursuant to U.S.S.G. 3B1.2(b). The decision in reference to this objection is outcome determinative and can substantially affect the sentencing guideline.

In this case, as in other courier cases, PEARSON is accountable for transporting approximately 480 grams of cocaine into the United States via an airplane from out of the country. Without minimizing her offense conduct, we suggest that the Court should use its discretion and grant a two level adjustment as a "courier" of drugs.

The actual drugs were owned by others and were to be given to an individual to be distributed in the United States. The planning and orchestration of the offense was organized by other individuals who are the actual owners of the drugs.

---

[1] Rule 32(a)(1)(C), Fed.R.Crim.P.

[2] Rule 32(c)(3)(A), Fed.R.Crim.P.

In the context of drugs, Courts have, generally held, that couriers have a limited or mitigating role in these cases.

In *United States vs. Munoz-Realpe*, 21 F.3d 375 (11th Cir. 1994), the court upheld a reduction for minor role for a courier of cocaine. The facts of *Munoz* are similar to the facts of this case, as it relates to role in the offense and therefore, PEARSON should receive a two level reduction as a minor participant.

In *United States vs. Davis,* 878 F.2d 1299 (11th Cir.1989), notwithstanding the defendant's "full understanding of the scope and nature of the enterprise," in which she participated, the District Court's "factual finding that the appellant was a minor participant in this scheme" was upheld.[3]

In *United States vs. Garvey,* 905 F.2d 1144, 1145 (8th Cir. 1990), the court upheld a two level downward adjustment for minor role, where the defendant, on a second importation, brought into the United States multi-kilograms of hashish oil at the behest of other individuals and "the instant transaction involved a substantial amount of drugs."

While the role of a courier is an important one, a mitigating adjustment cannot be denied based on the essential role she played. *United States vs. Veloza*, 83 F.3rd 380 (11th Cir. 1996).

The *en banc* decision in *United States vs. De Varon*, 175 F.3rd 930 (11th Cir. 1999), also supports the court's discretion in granting a reduction for role in the offense.

---

[3] In that case, the defendant appealed the court's refusal to grant a three level minimal downward role adjustment. The District Court did, however, grant a two level downward adjustment for minor role as requested by this defendant.

The evidence in this case establishes that PEARSON committed this offense, but she acted solely as a courier and had absolutely no other involvement in the offense conduct. Therefore, based on her limited participation in transporting cocaine, she should receive a two level downward adjustment for minor role.

## CONCLUSION

WHEREFORE, for the foregoing reasons, DONNA DORCE PEARSON, respectfully requests that this Honorable Court enter an order, pursuant to Rule 32(c)(3)(d) Fed.R.Crim.P., resolving the disputed sentencing factor, thereby declaring that PEARSON had a minor role in the offense and granting her a two level reduction.

Respectfully submitted,

**TUCKER & KOTLER, P.A.**
Attorneys for Defendant

By: _____
DAVID K. TUCKER
Florida Bar Number: 406023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via fax and US Mail this 3rd day of **August, 2000**, upon ROBIN S. ROSENBAUM, ESQUIRE, Assistant United States Attorney, United States Attorney's Office, 299 East Broward Boulevard, Fort Lauderdale, Florida 33394 and MARILYS S. MARTINEZ, United States Probation Officer, The James Dyer Building, 300 Northeast First Avenue, Room 315, Miami, Florida 33132-2126.

By: _____
DAVID K. TUCKER