UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6102-CR-DIMITROULEAS

FILED BY _____ D.C.

00 AUG 29 PM 3: 34

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

UNITED STATES OF AMERICA

     Plaintiff,

v.

DONNA DORSE PEARSON,

     Defendant.

_____/

### PLAINTIFF'S MOTION FOR ENTRY OF
### JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States moves for entry of judgment and the preliminary order of forfeiture

pursuant to 21 U.S.C. §853 and Fed. R. Crim. P. 32(d)(2). In support, the United States submits

that:

1.     On June 12, 2000, defendant Donna Dorse Pearson ("defendant") plead guilty to

Count I of the Indictment which charged her with knowingly and intentionally importing into the

United States a Schedule II controlled substance, in violation of Title 21, United States Code,

Section 952(a) and Title 18, United States Code, Section 2.

2.     The forfeiture portion of the Indictment seeks to forfeit defendant's interest

in two One Thousand Dollar ($1,000.00) money orders found in the defendant's possession at the

time of her arrest.

3.     In her plea agreement dated June 12, 2000, defendant Donna Dorse Pearson agreed

that the money orders were forfeitable as proceeds derived directly or indirectly as the result of the

offense charged in Count I of the Indictment.



4.       Rule 32 (d)(2), Federal Rules of Criminal Procedure allows this Court to enter a

preliminary order of forfeiture at any time after accepting a guilty plea or the return of a guilty

verdict.

5.       Title 21 United States Code §853 (g), provides.

Upon entry of an order of forfeiture under this section the court shall authorize
the Attorney General to seize all property ordered forfeited upon such terms and
conditions as the court shall deem proper. Following entry of an order declaring the
property forfeited, the court may, upon application of the United States, enter such
appropriate restraining orders or injunctions, require the execution of satisfactory
performance bonds, appoint receivers, conservators, appraisers, accountants, or
trustees, or take any other action to protect the interest of the United States in the
property ordered forfeited. Any income accruing to, or derived from, an enterprise
or an interest in an enterprise which has been ordered forfeited under this section may
be used to offset ordinary and necessary expenses to the property which are required
by law, or which are necessary to protect the interests of the United States or third
parties. (Emphasis added).

6.       Pursuant to 21 U.S.C. §853(g) and Fed. R. Crim. P. 32(d)(2), the United States

requests that the Court enter the attached-preliminary order of forfeiture.


## ASSET SOUGHT TO BE FORFEITED

7.       Accordingly, the United States requests that this Court enter an order forfeiting the

two One Thousand Dollar ($1,000.00) money orders found in the defendant's possession at the time

of her arrest.

## NOTIFICATION PROCEDURE

8.       After the entry of the judgment and preliminary order of forfeiture, the United States

shall promptly commence the notification and publication process required by 21 U.S.C. §853(n)(1).

If any third party claims or petitions are filed with the Court within the applicable period, the United

2

States shall apply to the Court to take the deposition of witnesses, and request documents, books and records, relating to the forfeited property, pursuant to 21 U.S.C. §853(m).

9.    The Court has broad powers to take whatever steps are necessary to protect the interests of the United States and any interested parties in property forfeited pursuant to 21 U.S.C. §853(e). Pursuant to Federal Rule of Criminal Procedure 32(d)(2), the judgment and preliminary order of criminal forfeiture shall authorize the Attorney General to seize all the interest or properties subject to forfeiture, upon such terms and conditions as the court shall deem proper. United States v. Conner, 752 F.2d 566, 577 (11th Cir.), cert denied, 474 U.S. 821 (1985).

**WHEREFORE**, the United States requests the entry of the attached Judgment and Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. §853.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

ROBIN S. ROSENBAUM
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7314, ext. 3595
FAX: (954) 356-7336
Bar No. 908223

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was mailed

this  28th  day of August, 2000, to

Scott Kotler, Esq.
Douglas Centre
Suite 1108
2600 S. Douglas Road
Coral Gables, FL 33134

ROBIN S. ROSENBAUM
ASSISTANT U.S. ATTORNEY

4